Jason M. Kerr
Nevada State Bar No. 7773
Email: jasonkerr@ppktrial.com
PRICE, PARKINSON & KERR, PLLC
5742 W. Harold Gatty Drive
Salt Lake City, Utah 84116
Tel: 801-517-7088
Fax: 801-530-2932

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EIGHT IP, LLC, a Delaware limited liability company;<br><br>        Plaintiff,<br><br>v.<br><br>ELEMENT NUTRITION, INC, an Ontario Canada corporation;<br><br>        Defendant. | **COMPLAINT**<br><br>Case No. 2:25-cv-01411<br><br>Judge: |

Plaintiff EIGHT IP, LLC ("Eight IP" or "Plaintiff") for its Complaint against Defendant ELEMENT NUTRITION, INC. (hereinafter "Element" or "Defendant"), alleges and avers as follows:

## **INTRODUCTION**

This is a dispute regarding Defendants' infringement of patent rights exclusively licensed to Plaintiff. Eight IP is the exclusive licensee with rights to sublicense a patented methodology for amino acid supplementation, as set forth in US Patent No. 9,364,463 (the "463 Patent"). The technology embodied in the 463 Patent is the use of specific amino acid supplementation for

Complaint

1

improved muscle recovery. As the exclusive licensee to the 463 Patent, Eight IP may issue sublicenses to the 463 Patent.

Eight IP entered into multiple sublicense agreements with Element, allowing Element to exclusively develop and market products in various channels of trade, utilizing the technology embodied in the 463 Patent. Eight IP entered into the latest sublicense agreement and a subsequent addendum with Element effective December 4, 2023 and September 5, 2024, respectively, allowing Element to develop and market products in the sports and adult nutrition channels of trade and the ready-to-drink channel of trade (the sublicense agreement and the addenda referred herein collectively as the "Agreements"). Pursuant to the Agreements, Element was to pay certain royalties to Eight IP, including minimum quarterly royalties in order to maintain the sublicenses.

Element developed, marketed, and sold products pursuant to the licenses under the Agreements. However, since October 2024, Element has not met its minimum royalty requirements to Eight IP. Due to Element's failure to pay minimum royalties under the Agreements, Agreements terminated under their own terms no later than January. Under the Agreements, Element must immediately cease selling the products, but Element continues to actively sell and market the products based on the 463 Patent.

As the exclusive licensee of the 463 Patent, Eight IP has the right to prosecute infringement claims. As the licensor under the Agreements, Eight IP has the right to pursue unpaid royalties due under the Agreements. Accordingly, Eight IP brings causes of action for Patent Infringement, Intentional Interference with Economic Relationships and in the alternative, Breach of Contract.

Complaint

2

## PARTIES

1. Plaintiff Eight IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Delaware.

2. Defendant Element Nutrition, Inc. is, upon information and belief, a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business located in Burlington, Ontario, Canada.

## JURISDICTION AND VENUE

3. This action arises under the United States patent laws, 35 U.S.C. § 1, et seq.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Element because it consented to the jurisdiction of this Court when it entered into the Agreements with Eight IP.

6. This Court has personal jurisdiction over Lowther as the founder, president, and chief executive officer of Element who signed the Agreements. Lowther's patent infringement has occurred in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Element consented to personal jurisdiction of this Court and there is no other district where Eight IP could have brought this action.

8. Venue is also proper in this District pursuant to 28 U.S.C. § 1400 because infringement of the 463 Patent has occurred in this District.

## FACTUAL ALLEGATIONS

### THE PATENT SUBLICENSES

9. Eight IP is the exclusive licensee of the 463 Patent.

10. The technology embodied in the 463 Patent is the use of specific amino acid supplementation for improved muscle recovery.

11. As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses in different channels of trade and geographical areas.

12. Effective December 4, 2023, Eight IP and Element entered into a sublicense agreement utilizing the technology embodied in the 463 Patent. A true and accurate copy of the December 4, 2023 Sublicense Agreement is attached hereto as Exhibit 1.

13. Under the December 4, 2023 Sublicense Agreement, Eight IP granted Element the nonexclusive right to develop and market products in the adult nutrition channel of trade worldwide, except in the Peoples Republic of China with the express written preapproval of Eight IP.

14. Under the December 4, 2023 Sublicense Agreement Eight IP granted Element the nonexclusive right to develop and market products in the sports nutrition channel of trade in the United States and Canada.

15. The December 4, 2023 Sublicense Agreement requires Element to make minimum quarterly royalty payments in the amount to $60,000.00 to Eight IP, due fifteen days after the end of each calendar quarter. If Element failed to make any minimum royalty payments, Element's right to develop and market products using the technology in the 463 Patent would automatically terminate under the terms of the December 4, 2023 Sublicense Agreement.

16. Effective September 5, 2024, Eight IP and Element entered into an addendum to the December 4, 2023 Sublicense Agreement where Eight IP granted Element the exclusive right to manufacture, market, and sell a ready-to-drink product utilizing the technology embodied in

the 463 Patent. A true and accurate copy of the September 5, 2024 Addendum is attached hereto as Exhibit 2.

17. Under the September 5, 2024 Addendum, the minimum quarterly royalty payable to Eight IP increased to $100,000.00 beginning second quarter of 2025.

18. Under the Agreements, if Element failed to make timely royalty payments, including minimum quarterly royalty payments, Element's right to manufacture, market, and sell products utilizing the technology embodied in the 463 Patent would immediately terminate.

## REJUVENATE AND PROMINO PRODUCTS

19. Pursuant to the Agreements, Element developed, marketed and has sold products using the technology embodied in the 463 Patent.

20. For the adult nutrition channel of trade, Element developed, marketed, and has sold a product line called Rejuvenate. Element advertises that Rejuvenate is clinically proven to support muscle recovery. Rejuventate contains the amino acid blend identified in the 463 Patent.

21. For the sports nutrition channel of trade, Element developed, has marketed, and has sold a product called Promino. Element advertises that Promino is a patented muscle activator which builds muscle, increases strength, improves performance, and speeds recovery. Promino contains the amino acid blend identified in the 463 Patent.

22. Element identifies the 463 Patent on the websites where it markets and sells the Rejuvenate and Promino products.

23. Element identifies the 463 Patent on the packaging of the Rejuvenate and Promino products.

24. On its websites, Element promotes its Rejuvenate and Promino products and identifies multiple studies that are directly related to the 463 Patent. Element also makes

Complaint

5

advertising claims related to the 463 Patent such as "NASA funded," "20 years of testing," "patented EAA ratio," and mentions Dr. Robert Wolfe, the 463 Patent inventor, by name.

25. The Rejuventate products are available for purchase throughout the United States, via Amazon and direct from Element's websites https://drinkpromino.com/ and https://www.rejuvenatemuscle.com/.

**TERMINATION OF RIGHTS TO 463 PATENT**

26. After signing the September 5, 2024 Addencum, Element did not make the royalty payment under the Agreements to Eight IP which was due by October 15, 2024.

27. Due to Element's failure to make the required minimum royalty payment, its right to sell any products under the Agreements automatically terminated no later than October 16, 2024. See Exhibit 1 at §§ 3(d) & 3(g).

28. Due to the automatic termination of Element's rights by the express language of the Agreements, Element may no longer rightfully market and sell the Rejuvenate and Promino products.

29. Although not required under the Agreements, Eight IP has notified Element that it no longer has any right to develop, market, or sell products utilizing the technology embodied in the 463 Patent.

**INFRINGEMENT OF THE 463 PATENT**

30. Despite the automatic termination of any right to develop, market, or sell products utilizing the technology embodied in the 463 Patent, Element continues to market and sell the Rejuvenate and Promino products.

Complaint

6

31. Element's continued marketing and sales of the Rejuvenate and Promino products, without any right to do so since at least October 15, 2024 when it failed to make the minimum required royalty payment to Eight IP, constitute infringement of the 463 Patent.

32. Element continues to market the Rejuvenate and Promino products identifying the 463 Patent and associated advertising claims on the product packaging and on websites operated by Element.

33. Element continues to market the Rejuvenate and Promino products identifying the 463 Patent and associated advertising claims on the product packaging and on Amazon.

34. Element's continued marketing and sales of the Rejuvenate and Promino products is interfering with Eight IP's ability to effectively market and issue new sublicenses as the exclusive licensee of the 463 Patent.

35. The only payment Element has made since missing the payment due by October 15, 2024 were two payments totaling approximately $50,000.00 on March 31 and April 1, 2025, short of any minimum amount due under the Agreements.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**INFRINGEMENT OF PATENT RIGHTS**

36. Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

37. Eight IP is the exclusive licensee to the 463 Patent. As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses to the 463 Patent.

38. Pursuant to the agreements, Eight IP issued sublicenses to Element in the adult nutrition and sports nutrition channels of trade.

39. Element, however, failed to pay the required minimum royalty payment due to Eight IP by October 15, 2024 under the Agreements.

40. Under the express language of the Agreements, and any sublicenses to the 463 Patent terminated no later than October 16, 2024 when Element failed to make the required minimum royalty payment to Eight IP by October 15, 2024.

41. Effective no later than October 16, 2024, Element no longer has any right to develop, market, or sell any products based on the 463 Patent.

42. Element's continued marketing and sale of the Rejuvenate and Promino products after October 15, 2024 constitute infringement of Eight IP's rights as the exclusive licensee of the 463 Patent.  These products, marketed as muscle recovery products, contain the amino acid blend identified in the 463 Patent and specifically reference the 463 Patent on their packaging.

43. As a result of Element's infringement on Eight IP's exclusive rights to the 463 Patent, Element has violated 35 U.S.C. § 284.  Eight IP has been and continues to be injured.  Eight IP's injuries include, but are not limited to, lost revenue and profits, a diminishing of Eight IP's goodwill and reputation, lost sales, and damage to Eight IP's existing and potential business relations.  Eight IP is entitled to a full recovery of patent infringement damages against Element, including special, indirect, incidental, and consequential damages.

44. As a result of Element's infringement on the Patent, Eight IP has been damaged and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

45. Eight IP is entitled to its attorney fees and costs as a result of Element's infringement on Plaintiff's rights to the 463 Patent because this is an exceptional case under 35 U.S.C. § 285.

46. Eight IP is entitled to injunctive relief based on Element's infringement of the 463 Patent.

## SECOND CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

47. Eight IP reasserts the allegations of the preceding Paragraphs as if set forth herein.

48. Element has knowledge that it no longer has any rights and/or any sublicenses to the 463 Patent no later than October 16, 2024.

49. Element has acted intentionally in a manner designed to interfere with Eight IP's ability to market the 463 Patent and issue sublicenses. Element has continued to market and sell the infringing products, which adversely affects Eight IP's ability issue exclusive sublicenses due to competing, infringing products on the market utilizing the same technology embodied in the 463 Patent.

50. Due to Element's actions, Eight IP has been damaged. Eight IP's damages include, but are not limited to, loss of exclusivity to the 463 Patent, lost sales, lost profits, and loss of goodwill.

51. As a result of Element's intentional interference with Eight IP's economic relationships, Eight IP has been harmed in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

52. Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

53. Eight IP and Element entered into valid, binding contracts when they entered into the Agreements.

54. The Agreements require Element to pay minimum royalties in exchange for sublicenses to the 463 Patent.

55. Eight IP has performed all of its obligations under the Agreements.

56. Element has not met any of it minimum royalty payments under the Agreements since missing the payment for the third quarter of 2024, which was due by October 15, 2024. Element's failure to meet its minimum quarterly royalty payments since October 2024 constitutes breaches of the Agreements.

57. The only payments Element has made since it missed the October 15, 2024 total approximately $50,000.00.

58. The royalties due and owing to Eight IP under the Agreements total at least $230,000.00.

59. Eight IP has been damaged in the amount of at least $230,000.00 due to Element's failure to pay the royalties under the Agreements.

WHEREFORE, Eight IP requests the following relief from the Court:

1. A judgment that Defendant has infringed the 463 Patent in violation of 35 U.S.C. § 271.

2. A judgment and order requiring Defendant to pay damages resulting from Defendant's infringement on Eight IP's rights to the 463 Patent including, but not limited to, lost revenue and profits, the diminishment of Eight IP's goodwill and reputation, lost sales, a reasonable royalty, and damage to Eight IP's existing and potential business relations.

3. A judgment and order requiring Defendant to pay treble damages to Eight IP to compensate for Defendant's willful and deliberate infringing acts in accordance with 35 U.S.C. § 284.

4. A judgment and order that this is an exceptional case requiring Defendant to pay Eight IP's costs and attorney fees in bringing this action under 35 U.S.C. § 285.

5. Preliminary and permanent injunctive relief related to Defendant's infringement of the 463 Patent.

6. A judgment that Defendant intentionally interfered with Eight IP's economic relationships.

7. An order requiring Defendant to pay all damages as a result of its intentional interference with economic relationships of Eight IP in an amount to be proven at trial.

8. A judgment that Defendant breached the Agreements with Eight IP by failing to pay royalties due and owing to Eight IP under the Agreements.

9. Judgment in the amount in an amount to be proven at trial, at least $230,000.00, for Defendant Element Nutrition, Inc.'s failure to pay royalties under the Agreements.

10. For pre-judgment and post judgment interest as allowed by law.

11. For such other and further relief as the Court deems necessary.

DATED this 4th day of August, 2025.

**PRICE PARKINSON & KERR, PLLC**

By: /s/ Jason M. Kerr
JASON M. KERR
Nevada Bar No. 07773
*Attorneys for Plaintiff*